JOHN MOTUS, PLAINTIFF-APPELLANT, v. DOCK WARD, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 3, 1950—Decided January 16, 1950.

Before Judges JACOBS, DONGES and BIGELOW.

*Mr. William N. Becker* argued the cause for plaintiff-appellant.

*Mr. Abraham I. Harkavy* argued the cause for defendant-respondent (*Messrs. Harkavy & Lieb,* attorneys) (*Mr. Francis Nunziant,* on the brief).

The opinion of the court was delivered by

BIGELOW, J. A. D.   This is an automobile accident case. The plaintiff, on foot, was crossing Springfield Avenue, Newark, from north to south, on or near the South 20th Street crosswalk, and was approximately at the centre line of Springfield Avenue.   Defendant was driving his car westerly on Springfield Avenue at a moderate rate of speed.   The left side of his front bumper struck plaintiff, causing serious injury.   The accident occurred at about 5:30 o'clock of a

drizzly November afternoon. The jury returned a verdict of no cause of action and plaintiff appeals.

The plaintiff was not questioned about any car coming in an easterly direction and he did not mention such a vehicle, if there was one. Defendant testified that he was driving three or four feet to the right of the centre line; that he did not see plaintiff until he was within some 15 feet of him; that plaintiff at that moment was standing still, about two feet from the centre line "on my side." Two other vehicles, as we understand his testimony, were approaching from the west; one swerved out to pass the other, causing plaintiff to step back, in front of defendant's car. "* * * and the Pontiac comes and there was another car coming and the Pontiac backed out and he backed out and I was about eleven or twelve feet from him, and he backed into me when I put my brakes on."

When defendant rested, plaintiff's counsel informed the court that he wished to recall the plaintiff to examine him about "jumping back." Then followed this colloquy:

"The Court: (interrupting) He has testified to that.

"Mr. Becker: He didn't testify that he had any occasion to jump back.

"The Court: But he testified to an entirely different state of facts. You don't have to put him on to testify that he did not jump back, because he testified on direct examination that he did not jump back. That is the effect of his testimony. I don't think you need to have him testify to it again on rebuttal.

"Mr. Becker: I ask that my objection be noted."

Plaintiff assigns the foregoing as ground for reversal, and defendant argues that there is here no ruling or action by the court, but only such a suggestion as a judge may properly make for the assistance of counsel. But counsel's formally noting his objection clearly shows that he understood that the court overruled his offer of evidence and refused to allow him to present it to the jury. The court did not correct counsel's misapprehension, and therefore we presume that counsel understood the court's remarks in the sense that the court intended.

The overruling of the proffered testimony was error, prejudicial to the plaintiff's case. The court's recollection of the testimony was inaccurate. Plaintiff's testimony was brief and lacking in detail; he was not cross-examined at all. Probably because it was difficult to understand his attempts to speak in English. Note that the police officer took his statement in Polish. "What happened while you were crossing Springfield Avenue? The car hit me. * * * How far across Springfield Avenue were you when you got hit? About 20 feet from the corner of Springfield Avenue. It was in the centre white line. * * * How fast was he going at that time? Fast. What did you do? I just got up there step by step. He didn't stop. He hit me. He hit me with the driver's side."

Plaintiff should have had the opportunity to testify in rebuttal that he did not step back into the path of defendant's car, or to explain the reason for stepping back. It was defendant's testimony that first brought up the subject and plaintiff had a right to rebut. *Singer v. Central R. R.,* 121 *N. J. L.* 121 (*E. & A.* 1938).

We find it unnecessary to consider other alleged errors. The judgment will be reversed in order that there may be a new trial.